IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFERY D. TOLSON #1600316 | § | |
| | § | |
| V. | § | A-21-CV-319-LY |
| | § | |
| FORMER JUDGE 277TH DISTRICT | § | |
| KEN ANDERSON, CURRENT JUDGE | § | |
| 277TH DISTRICT STACY MATTHEWS, | § | |
| JUSTICES OF THE 3RD COURT OF | § | |
| APPEALS, BILLY RAY STUBBLEFIELD, | § | |
| AND JUSTICES OF THE TEXAS COURT | § | |
| OF CRIMINAL APPEALS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and advisory. Plaintiff, proceeding pro se, has paid the full filing for this case.

STATEMENT OF THE CASE

Before the Court is Plaintiff Jeffery D. Tolson's civil-rights complaint. At the time Plaintiff filed his complaint, he was incarcerated in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ).

Plaintiff is in the custody of TDCJ pursuant to judgments and sentences of the 277th Judicial District Court of Williamson County, Texas, in cause number 09-074-K277. In that cause, Plaintiff was charged by indictment with three counts of aggravated sexual assault of C.H., a child under 14 years of age; four counts of aggravated sexual assault of J.S., a child under 14 years of age; six counts of indecency with C.H., a child under 17 years of age; and four counts of indecency with J.S., a child under 17 years of age. Pursuant to a plea bargain agreement in which the State agreed to dismiss Counts 2, 3, and 5-17, Plaintiff pleaded guilty to counts 1 and 4, aggravated sexual assault of a child under 14 years of age. On September 17, 2009, the trial court sentenced Plaintiff to 30 years in prison on each count and ordered the sentences to run concurrently. Plaintiff waived his right to appeal.

Plaintiff challenged his convictions in two state applications for habeas corpus relief. The Texas Court of Criminal Appeals denied them without written order on the findings of the trial court without a hearing on June 19, 2019. *Ex parte Tolson*, Appl. Nos. 89,819-01 and -02.

Plaintiff also filed two motions for leave to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. The first motion was denied on August 14, 2019, and the second motion was denied on September 25, 2019.

Plaintiff subsequently challenged his convictions in a federal petition for writ of habeas corpus. *See Tolson v. Davis*, No. 1:19-CV-1178-LY (W.D. Tex.). The Court dismissed the petition with prejudice as time-barred on May 4, 2020.

In his civil-rights complaint Plaintiff sues Ken Anderson, former judge of the 277th Judicial District Court of Williamson County, Texas; Stacy Matthews, current judge of the 277th Judicial District Court of Williamson County, Texas; unnamed justices of the Third Court of Appeals of

Texas; Billy Ray Stubblefield, Presiding Judge of the Third Administrative Judicial Region of Texas; and unnamed justices of the Texas Court of Criminal Appeals.

Plaintiff requests this Court to:

[R]eview whether the courts of Texas in the instant case has offended fundamental principles of justice or reconized [sic] transgressions of the principle of fundamental fairness. Plaintiff believes such request is well with-in [sic] this Court['s] subject matter jurisdiction over this federal claim, such request does invalidate plaintiff's conviction and findings for the plaintiff do not guarantee invalidation.

As stated prior Plaintiff wants relief from the 'penalty' of having the effectiveness of counsel, which was deprived by the original courts authoritive [sic] construal of the statutes nullified, such penalty used by the Respondent Judge authoritive [sic] construal of the 'contemporaneous objection rule' has created the procedural default which through no fault of the plaintiff, allowed the high-court['s] and attorney general['s] office to use the 'penalty' as an 'alibi' for 'descretionary [sic] decision' not to look into the matter except they had been made aware, and still penalize the plaintiff for the original court[']s authoritive [sic] construal.

Because Plaintiff's requested relief is unclear, Plaintiff was ordered to file an advisory specifying the exact relief he seeks from each defendant.

In his seven-page advisory, Plaintiff states he seeks "Declaritory [sic] Relief of only what the U.S. Constitutional Amendment XIV § 1 provides for, that no state shall deprive any person of life, liberty or property with-out due process of law." He further clarifies the claims he makes against each defendant and the relief he seeks.

Plaintiff challenges actions or inactions taken by Ken Anderson, the judge who presided over Plaintiff's criminal case. Plaintiff requests that Anderson's statement made at a September 9, 2009 hearing be made part of the trial record. He further requests that his attorney's objection to the statement be included in the expanded trial record so that the judge's alleged error would be preserved for plain error review on appeal. He seeks to have the record reflect that the judge only

gave his attorney one-hour notice to file pretrial motions, which he claims was impossible to do. Plaintiff further requests an acknowledgment that the judge "crossed a bright line" when he admonished counsel for being unprepared and told counsel to "just have [Plaintiff] plead guilty." In addition, Plaintiff seeks an acknowledgment that he was denied effective assistance of counsel, the right to a fair trial before an unbiased tribunal, and the right to an appeal. He seeks the right to discovery, the right to test the prosecution's theories, and the right to confront evidence and witnesses.

With respect to Judge Stacy Matthews Plaintiff objects to the judge's failure to rule on his Motion to Recuse or Disqualify Judge Anderson that he filed in 2017. He requests the Court to reinstate his motion so that Judge Matthews can defer to the Administrative Judge to hear or refer the motion within three days. He also objects to the judge's handling of his state application for habeas corpus relief. Plaintiff seeks an acknowledgment by the judge of the expanded trial record, which would include the trial court's ruling and his counsel's objections. He requests the Court to declare that the reviewing court failed to resolve the issues that were designated by order and as a result there was no final disposition of his application for habeas corpus relief. He requests the Court to declare that the State's attorney answering his application for habeas corpus relief had a conflict and the judge violated several procedural rules with regard to his application.

With regard to the Third Court of Appeals Plaintiff disagrees with the court's decision in three appeals. He essentially requests the Court to reverse the state appellate court. In Appeal No. 03-17-00610-CV Plaintiff filed a petition for writ of mandamus, a notice of appeal from the district court's non-action that denied his "Michael Morton Act Petition and Motion to Recuse of Disqualify State District Judge Ken Anderson," and an application for writ of quo warranto. The court

construed the documents as a petition for writ of mandamus and denied relief. In Appeal No. 03-17-00670-CV Plaintiff filed an "Application for Writ of Error and Application for Writ of Error, Denial of Counsel." The court determined Plaintiff was attempting to challenge his final conviction. The court dismissed the action for want of jurisdiction because it lacked jurisdiction over habeas corpus actions. Finally, in Appeal No. 03-17-00611-CR Plaintiff complained Judge Matthews refused to rule on his motion to recuse or disqualify the judge that oversaw his trial proceedings and motion for "After Trial Discovery." The court dismissed the appeal for want of jurisdiction, because there was no order to appeal. The court noted to the extent Plaintiff was attempting to appeal his 2009 conviction his appeal was untimely and he waived his right to appeal as part of his plea agreement.

Plaintiff complains Judge Stubblefield acquiesced in the Third Court of Appeals' "usurpation of that court[']s jurisdiction" and precluded Plaintiff from having his claims heard. Plaintiff requests, once his Motion to Recuse or Disqualify the former judge is reinstated and amended and it is referred to Judge Stubblefield, that he recuse himself in this matter and have the matter heard pursuant to Rule 18A of the Texas Rules of Civil Procedure.

Lastly, Plaintiff contends the denial of his application for habeas corpus relief by the Court of Criminal Appeals was in error because there are unresolved issues and the trial court allegedly violated multiple procedural rules in processing his application. He seeks a declaration that there has been no final disposition of the grounds raised in his state application for habeas corpus relief.

## DISCUSSION AND ANALYSIS

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may

5

be granted or seeks monetary relief from a defendant who is immune from such relief.  *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

To the extent Plaintiff is asking this Court to direct the defendants in the performance of their judicial duties, he is seeking mandamus relief.  A petitioner "seeking to have the federal court direct the state court to perform its duties as he wishes" is properly construed as a petition for writ of mandamus. *Rhodes v. Keller*, 77 Fed. App'x 261 (5th Cir. 2003).

Although the writ of mandamus was abolished by FED. R. CIV. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  But a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.  *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970).  Accordingly, to the extent Plaintiff requests mandamus relief, his request is dismissed as frivolous.  *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties); *Rhodes*, 77 Fed. App'x 261 (affirming dismissal as frivolous of § 1983 complaint, construed as a petition for

mandamus relief, because plaintiff was merely seeking to have federal court direct state court to perform its duties as he wished).

Moreover, the 277th Judicial District Court, the Third Court of Appeals, and the Texas Court of Criminal Appeals are state courts and are not inferior to a federal district court. "Under what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

Finally, to the extent Plaintiff challenges his criminal conviction his request is not proper in a civil-rights complaint. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The court does not construe Plaintiff's complaint as a petition for writ of habeas corpus, because Plaintiff has not obtained authorization from the Fifth Circuit Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2244(b)(3). Without such authorization the Court lacks jurisdiction over a successive petition. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding district court lacks jurisdiction to consider successive § 2255 motion and remanding to district court with instructions to dismiss successive motion for want of jurisdiction).

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims seeking habeas corpus relief be dismissed without prejudice to filing a petition for writ of habeas corpus after Plaintiff receives authorization to file a successive petition from the Fifth Circuit Court of Appeals and Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE ANN. § 498.0045 (Vernon 2005).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on June 1, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE